It may be collected from the record that this appeal was brought up to ascertain whether the opinion delivered by the judge was correct. The opinion affirms two propositions: the one is that a constable cannot justify under process when the judgment on which the execution issued is dormant. The other is that a marriage between a mulatto and a white woman may be proved by common reputation. This appears to be the controversy from the case made by the judge, though the record itself places the sale in 1820, three years before the judgment, and more than five before the execution. I conclude, therefore, that this statement is a manifest mistake.
This being an action of trover, there was no necessity (340) to plead the justification, for the facts relied upon to constitute it might have been given in evidence under the general issue. Nor, indeed, is it regular, in this action, to plead a justification, unless it admit the property to be in the plaintiff, and the conversion, but justifies the latter. Comyn's Digest, Pleader, E. 14.
It is therefore most fair to deduce the law from the facts of this case, rather than to decide on a question of pleading; for there the rule is that if two defendants join in a plea which is good as to one, but not as to the other, the plea is bad as to both, for when they put themselves on the same terms, the court cannot sever the plea and say that one is guilty and the other is not. Thus, if an officer plead separately under a writ of fi. fa. or other process, he need not state the judgment; but if he join in the plea with the plaintiff in the former action, and the judgment is not stated, the plea will be bad as to both defendants, unless the plaintiff in the former suit justify in aid of the officer. Barker v. Braham, 3 Wils., 376.
With regard to the first question, I take the law to be settled that an officer is bound to execute all precepts that are directed to him from a competent jurisdiction; and inasmuch as he may justify under an erroneous process, he is not at liberty to disobey it. The distinction is between void and voidable process — the latter, in all cases, affording protection to the officer. Thus, if a ca. sa. is taken out after a year, and the defendant thereupon arrested, and afterwards suffered to escape, debt lies against the officer, though the process was erroneously awarded, for it was sufficient to arrest him, and the sheriff may justify in an action of false imprisonment, and therefore cannot let him at large.Bushe's case, Cro. E., 188; Sherly v. Wright, Ld. Ray., 775. But with respect to the plaintiff in the judgment, as he sued out the execution irregularly, he cannot derive a title *Page 220 
(341) under the sale, so effected, though the exception could not be taken to it if a stranger had become the purchaser.
On the question of evidence I apprehend that the law was correctly stated; that general reputation and cohabitation are evidence of a marriage. It is so in all cases except in actions of crim. con.
There ought to be a new trial.
PER CURIAM. Judgment reversed.
Approved: Dawson v. Shepard, 15 N.C. 497; Skinner v. Moore, 19 N.C. 138;Stewart v. Ray, 26 N.C. 269; Rutherford v. Raburn, 32 N.C. 144;Harriss v. Lee, 46 N.C. 225; Jones v. Reddick, 79 N.C. 290; Williams v.Williams, 85 N.C. 383; Ripley v. Arledge, 94 N.C. 467; Spaugh v.Hartman, 150 N.C. 456; Walker v. Walker, 151 N.C. 166.